Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Appellant,

v.

WESTINGHOUSE CREDIT CORPORATION, Appellee.

No. 74–1197.

United States Court of Appeals, Sixth Circuit.

Jan. 17, 1975.

---

William J. Kilberg, Sol. of Labor, Marvin Tincher, Regional Atty., U. S. Dept. of Labor, Nashville, Tenn., John L. Bowers, U. S. Atty., Chattanooga, Tenn., for appellant.

Alfred W. Vadnais, Humphreys & Hutcheson, Chattanooga, Tenn., for appellee.

Before PHILLIPS, Chief Judge, and LIVELY and ENGEL, Circuit Judges.

PER CURIAM.

The Secretary of Labor appeals from a holding by the district court that three "unit managers" in the Chattanooga office of Westinghouse Credit Corporation are exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. This holding was based on the District Judge's finding that the unit managers are "employed in a bona fide executive [and] administrative capacity . . . ." 29 U.S.C. § 213(a)(1).

■ On appeal, the Secretary seeks to avoid the "clearly erroneous" standard of Rule 52(a), Fed.R.Civ.P. by asserting that the district court applied erroneous standards to undisputed facts.

The decision on this issue depended solely on a determination of whether the unit managers, in the performance of their duties as employees of Westinghouse, met the requirements for exemption from the overtime provisions of the Act. This was a question of fact and there is substantial evidence in the record to support the finding of the district court. Further, there is no support for the claim that the court misapprehended or misapplied controlling principles of law.

■ The Secretary also sought an injunction against future violations of the Act by Westinghouse. The parties entered into a stipulation prior to trial which, *inter alia,* contained the terms of a settlement by which Westinghouse agreed to make overtime payments to four non-exempt employees classified as "District Field Representatives" in the Chattanooga office. The Secretary characterizes this agreement as a "stipulation of violations" and urges it as showing the necessity for an injunction. An

agreement to settle a disputed claim is not an admission of a violation. The record fully supports the district court's finding that Westinghouse acted in good faith in its compliance efforts and that an injunction was not justified. The issuance of an injunction to prevent violation of the Fair Labor Standards Act lies in the discretion of the trial court. Wirtz v. Atlas Roofing Manufacturing Company, 377 F.2d 112, 116 (5th Cir. 1967). We perceive no abuse of discretion in the denial of the requested injunction in the present case.

The judgment of the district court is affirmed.